UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JOSEPH KANTRELL NORRIS ]
    Plaintiff, ]
]
v. ] No. 3:12-0265
] JUDGE HAYNES
JEFF LONG, et al. ]
    Defendants. ]

M E M O R A N D U M

Plaintiff, Joseph Kantrell Norris, an inmate at the Williamson County Jail, filed this *pro se* action under 42 U.S.C. § 1983 against the Defendants: Jeff Long, Sheriff of Williamson County, and a nurse at the Jail known as Evie. Plaintiff seeks injunctive relief and damages for alleged denial of medical care.

According to his complaint, Plaintiff is bi-polar and suffers from schizophrenia for which medication was prescribed, but "wasn't helping". (Docket Entry No. 1, Complaint at 5). Plaintiff alleges that this medication caused his gums to bleed so he stopped taking that medication. Plaintiff contends that he has not received adequate medical care for his health problems.

Here, Plaintiff acknowledges receiving medication for his health needs and the exhibits to his complaint reflect medical personnel are awaiting Plaintiff's medical records to determine what other medications are necessary to treat his mental illness.

In addition, medical personnel are willing to treat the Plaintiff's bleeding gums.

To state a claim for relief under § 1983, the Plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of some right or privilege secured by the Constitution or laws of the United States. <u>Parratt v. Taylor</u>, 451 U.S. 527, 543-44 (1981).

The Eighth Amendment guarantees a convicted prisoner the right to medical care. This right has been violated when prison officials are deliberately indifferent to a convicted prisoner's serious medical needs. <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976). A pretrial detainee is entitled to the same right under the Fourteenth Amendment. <u>City of Revere v. Massachusetts Gen. Hosp.</u>, 463 U.S. 239 (1983).

When a prisoner receives some medical attention and his claim challenges the adequacy of the care provided, federal courts are generally reluctant to second guess medical judgments and constitutionalize claims which sound in state tort law. <u>Hill v. Jones</u>, 211 F.3d 1269 (6th Cir.2000). Medical malpractice is not a constitutional tort merely because the victim is a prisoner. <u>Estelle</u>, 429 U.S. 105-106. This Court concludes that Plaintiff fails to state a violation of the Eighth Amendment law. <u>Comstock v. McCrary</u>, 273 F.3d 693, 703 (6th Cir.2001).

Absent a violation of federal law, the Court lacks jurisdiction. Because Plaintiff failed to state a claim upon which

relief can be granted . Under federal law, the Court must dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order is filed herewith.

WILLIAM J. HAYNES, JR.
United States District Judge
3-26-12